PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PYOTR M. RYCHENKO, | ) | |
| | ) | CASE NO. 4:16CV01656 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STEVEN MERLACK, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 1 and 2 ] |

*Pro se* Plaintiff Pyotr M. Rychenko, on behalf of the Southern Heritage Association

("SHA"), filed this *Bivens* action against Elkton Federal Correctional Institution ("FCI Elkton")

Warden, Steven Merlak.  *See* ECF No.1.  In the Complaint, Plaintiff alleges that mail sent by

SHA was not delivered to inmates at FCI Elkton.  *Id.* at PageID #: 2.  He seeks injunctive relief.

Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2).

### I.  Background

Plaintiff alleges he is an employee of SHA, a non-profit political action committee

registered with the Federal Election Commission that seeks to disseminate its viewpoints in

advance of the November 2016 election.  ECF No. 1 ¶ 1.  He contends that SHA mailed a

publication called "Rebel" to inmates at FCI Elkton.  *Id.* ¶ 2.  He alleges that this publication

"contains political commentary, news, current events, and trivia targeted to a white male

audience," but denies that it condones racism or hate-speech "as those terms are commonly

understood."  ECF No. 1 ¶ 11.  Plaintiff alleges the intended inmate recipients did not receive the

(4:16CV01656)

publication.  *Id.* ¶¶ 3-4.  He specifically mentions that SHA mailed several photographs to Inmate

Hicks.  *Id.* ¶ 10.  Plaintiff alleges that the photographs were confiscated by the Special

Investigative Service of the prison, and several of the photographs were returned to the sender as

"inappropriate."  *Id.*  Also, Plaintiff asserts, SHA's newsletter titled "Freedom" was sent to

inmates at FCI Elkton, as well as a copy of  "Platinum," "a sister publication by a[n] [SHA]

affiliated organization in Russia."  ECF No. 1 ¶¶ 14-15.  Plaintiff alleges that these publications

were not delivered to the intended inmates.  *Id.*

 Plaintiff claims FCI Elkton infringed upon his First Amendment rights of Freedom of

Speech and Freedom of Expression "by interfering with his right to disseminate political views

intended to inform interested parties in advance of the upcoming elections."  *Id.* ¶ 18.

## II.  Lack of Standing

Plaintiff lacks standing to bring an action on behalf of SHA or FCI Elkton inmates,

including Inmate David Hicks.  Constitutional claims such as alleged First Amendment

violations are personal to the injured party, and cannot be pursued by another who lacks legal

authority to represent the injured person.  *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir.

2003); *Owens v. Voorhies, et al.*, No. 3:07CV1644, 2007 WL 2381975, *2 (N.D. Ohio Aug.17,

2007).  Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties

may plead and conduct their own cases personally or by counsel," that statute does not permit a

plaintiff to appear *pro se* where interests other than his own are at stake.  *Owens*, 2007 WL

2381975, at *2 (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d. Cir. 1998)).  Even though

Plaintiff is an employee and possible financial contributor of the nonprofit organization sending

(4:16CV01656)

the publications, Plaintiff's allegations do not raise beyond speculation that his own legal

interests have been violated.  Plaintiff is not an attorney-at-law, and therefore cannot litigate this

case for the inmates at FCI Elkton, nor represent the interests of the non-profit organization,

SHA.  *Id.*; *see Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule

of this circuit is that a corporation cannot appear in federal court except through an attorney.").

Plaintiff lacks standing to assert these claims.

 "[A] district court may, at any time, *sua sponte* dismiss a Complaint for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the

allegations of a Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of

merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

(citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)); *see Hassink v. Mottl*, 47 Fed. App'x.

753, 755 (6th Cir. 2002) (holding that district court properly dismissed the case *sua sponte* for

lack of subject matter jurisdiction where the plaintiff's complaint lacked an arguable basis in

law).  Because standing to prosecute an action is a necessary element to invoke this Court's

subject matter jurisdiction, this action is dismissed.  *See Imhoff Inv., L.L.C. v. Alfoccino, Inc.*,

792 F.3d 627, 631 (6th Cir. 2015) (stating that if a plaintiff does not have standing to bring a

case, the court lacks jurisdiction and must dismiss the case).

### III.  Motion to Proceed *In Forma Pauperis*

 Plaintiff utilized an old AO 240 form for his application to proceed *in forma pauperis*.

*See* ECF No. 2.  That form has been replaced by form AO 239.  Nevertheless, the information

Plaintiff provided on the AO 240 form suggests he does not meet the criterion of poverty.

(4:16CV01656)

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. App'x. 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2nd Cir. 1988)). *See also Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13CV2031, 2013 WL 5354091, at * 1 (N.D. Ohio Sept. 24, 2013); *Levet v. Comm'r of Soc. Sec.*, No. 1:14CV01378, 2014 WL 3508893 at * 1 (N.D. Ohio July 15, 2014).  Rather, "the question is whether the court costs can be paid without undue hardship." *Foster*, 21 Fed. App'x. at 240.  It is within the Court's discretion whether to allow a litigant to proceed *in forma pauperis*. *Id.*

Plaintiff indicates he earns $ 1,000.00 per month, with a net income of $900.00 per month after taxes and deductions.  He lists expenses totaling $500.00 per month.  He does not list dependents.  Based on these figures, Plaintiff would have sufficient funds available after paying his monthly expenses to pay the $400.00 filing fee.  Therefore, his application to proceed *in forma pauperis* (ECF No. 2) is denied.

## IV.  Conclusion

For the foregoing reasons, this action is dismissed, and Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

4

(4:16CV01656)


IT IS SO ORDERED.


 July 29, 2016                                    /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                 United States District Judge

5